THE STATE *v.* GARDNER.

1. An indictment against a Justice of the Peace for a *wilful* misdemeanor in office should show such facts as would amount to such misdemeanor, independent of the word *wilful;* and to make this out, the indictment should charge the act to have been done, knowingly and corruptly.

2. The instrument should alledge the *fact* to be wilful; not that the defendant wilfully did an illegal act; which was held bad on demurrer.

ERROR from St. Louis Circuit Court.

M'GIRK, C. J., delivered the opinion of the Court.

This was an indictment of a Justice of the Peace for a supposed misdemeanor in office; the indictment was demurred to, and the demurrer sustained: to reverse this judgment, the State brings the cause to this Court by writ of error.

The first section of the act of 4th January, 1825, *Revised Code,* 469, provides for the appointment of Justices of the Peace, and the act in part defines their duties— the 5th section of which provides " that the said Justices of the Peace shall continue in office during the term of four years from the date of their commissions, unless sooner removed therefrom on conviction for bribery, perjury, or other infamous crime, or on conviction for any *wilful* misdemeanor in office, by indictment in the Circuit Court.

(24) The indictment charges that Gardner was a Justice of the Peace, and that as such Justice of the Peace, did, on a certain day, wilfully issue his summons directed and delivered to the Constable of St. Ferdinand township, commanding the said Constable to summon one John Spencer to appear before him, the said Gardner, on a certain day, to answer to a pretended demand in favor of one black Locker, a negro man slave, which summons was served—the said Gardner at the time of issuing said summons, knowing that Locker was a slave and the property of him, the said Gardner, to the great perversion of public justice, and contrary to the form of the statute, in such case made and provided, &c.

The point made in this case is, whether the indictment charges any misdemeanor. The words of the law are: on conviction for any wilful misdemeanor. The words of the indictment are: that the defendant wilfully issued a summons, &c. And the Circuit Attorney insists that it being clearly a void summons is a misdemeanor; and it having been alledged to be wilful, the statute is satisfied and the indictment good. I am of a contrary opinion. In this case two things are required. First. That the indictment should show such facts as would amount to a misdemeanor independent of the word *wilful,* and to make this out the indictment should charge the act to have been done knowingly and corruptly; and secondly, that the fact should be alledged to be wilful. It may be that the Legislature intended to use this word to draw a distinction between intentional and corrupt violations of official duty, and those that are only instances of gross ignorance or negligence. If the word will not bear this meaning, I know of none else it can have; for without this word the law

would define every misdemeanor to be wilful, except in a case where a particular act is declared by express enactment to be such.

The judgment of the Circuit Court is affirmed with costs.