STATE OF MISSOURI, Respondent, v. FERD J. GRASSLE, Appellant.

St. Louis Court of Appeals, March 29, 1898.

| 74 | 313 |
|----|-----|
| 93 | ⁵472 |
| 74 | 313 |
| 98 | ᴮ 16 |

1. **Criminal Law:** INDICTMENT: STATUTORY CONSTRUCTION. Section 3732, Revised Statutes 1889, comprehends in its provisions every person holding an office of public trust under the laws of the state, high and low, executive, judicial and ministerial ones.

2. ———. The statute being penal the words "willful and malicious" as used in it must be construed to mean something more than their signification in common parlance. The word "malicious" in the statute has its accepted legal meaning when used in penal statutes, i. e. "a wrongful act intentionally done, without just cause or excuse."

3. ———. The word "willful" must be restricted to such acts as are done with an unlawful intent, and implies tort—wrong; it implies legal malice; that is, that the act was done with evil intent, or without reasonable grounds to believe that the act was lawful.

4. **Criminal Law:** INDICTMENT: STATUTORY CONSTRUCTION. To constitute the offense as charged in this case the act must have been done willfully, maliciously and with a wrongful intent, and where the indictment is brought against a judicial officer, as in this case, the act must be charged to have been knowingly and corruptly done.

5. ———: ARRAIGNMENT: CRIMINAL PROCEDURE. The record discloses the fact that the defendant was put upon his trial without being first arraigned, and his plea to the indictment being noted. This error necessarily calls for a reversal of the judgment.

*Appeal from the Knox Circuit Court.*—HON. ED. R. McKEE, Judge.

REVERSED AND DEFENDANT DISCHARGED.

No briefs furnished.

BLAND, P. J.—The defendant was tried by a jury and found guilty of the offense attempted to be charged in the following indictment:

"STATE OF MISSOURI, } ss. COUNTY OF KNOX. } "In the Knox Circuit Court, December Term, A. D., 1896.

"The grand jurors for the state of Missouri being duly summoned, empaneled, sworn and charged to inquire in and for the body of the county of Knox aforesaid upon their oath present that heretofore, to wit:

"That on or about the 5th day of December A. D. 1896, at the town of Hurdland in the county of Knox in the state of Missouri, one F. J. Grassle being then and there chairman of the board of trustees of the town of Hurdland aforesaid being duly elected, qualified and acting as such did then and there in his official capacity and under color of his said office as chairman of the board of trustees of the said town of Hurdland wickedly, intending and contriving to injure and oppress one B. M. Hardy, did then and there under color of his said office unlawfully, willfully and maliciously refuse to allow and permit one George R. Balthrope, a regularly licensed practicing attorney-at-law to cross-examine the witness produced on the part of said town of Hurdland in the case then pending before the said F. J. Grassle wherein the town was plaintiff and the said B. M. Hardy was defendant. The said F. J. Grassle well knowing that the said George R. Balthrope was a regular licensed attorney-at-law and was employed by the said B. M. Hardy as his attorney to defend him in said case and the said F. J. Grassle chairman of the board of trustees as aforesaid without reason and justifiable cause therefor and

under color of his said office as chairman of the board of trustees aforesaid did then and there willfully, unlawfully and maliciously threaten to impose a fine upon the said George R. Balthrope, the attorney for the said B. M. Hardy, if he, the said George R. Balthrope, persisted in his attempt to cross-examine said witness in the defense of the said B. M. Hardy, and the said F. J. Grassle under color of his said office of chairman of the board of trustees aforesaid did then and there by his willful, unlawful and malicious threats and gross conduct toward the said George R. Balthrope compel him, the said George R. Balthrope, to withdraw from the defense of the said B. M. Hardy against the peace and dignity of the state."

From the judgment of conviction, after unsuccessful motion for new trial and in arrest of judgment, the defendant duly appealed to this court. Before trial the defendant interposed the following demurrer to the indictment:

1. "Because the indictment does not state facts sufficient to constitute any offense against the laws of this State."

2. "And especially in this that it attempts to charge oppression in office committed by defendant in the performance and discharge of judicial functions and does not charge the acts and rulings complained of were 'knowingly or corruptly' or 'knowingly and corruptly' done."

Which demurrer was by the court overruled, to which ruling defendant saved his exceptions. The indictment and evidence disclose the fact that the defendant was chairman of the board of trustees of the town of Hurdland, Knox county, Missouri, and as such chairman was in the exercise of the jurisdiction conferred on him by section 1684, Revised Statutes 1889, "to hear and determine all offenses against the ordinance

of the town," when he committed the alleged offense of oppression in office. In this capacity the functions of his office were purely judicial. This fact the indictment substantially discloses. The indictment incorporates substantially the language of the statute, upon which it is predicated. R. S. 1889, sec. 3732. The section is a very broad one and comprehends in its provisions every person holding an office of public trust under the laws of the state, high and low, executive, judicial and ministerial ones. The punishment to follow conviction is a very serious one, in addition to the fine or jail sentence, or both. Section 3734, Revised Statutes 1889, prescribes that the person convicted shall be forever disqualified to hold any office of honor or trust under the constitution and laws of this state, and be disqualified to vote at any election in this state, and shall forfeit his office. The statute being penal, the words "willful and malicious" as used in it must be construed to mean something more than their signification in common parlance. The word "malicious" in the statute has its accepted legal meaning when used in penal statutes, i. e. "a wrongful act intentionally done, without just cause or excuse."

INDICTMENT: meaning of willful and malicious.

The word "willful" must be restricted to such acts as are done with an unlawful intent, and implies tort, wrong; it implies legal malice,—that is, that the act was done with evil intent, or without reasonable grounds to believe that the act was lawful. State v. Clark, N. J. L. 96; State v. Preston, 34 Wis. 675. To constitute the offense the act must have been done willfully, maliciously and with a wrongful intent, and where the indictment is brought against a judicial officer, as in this case, the act must be charged to have been knowingly and corruptly done. State v. Gardiner, 2 Mo. 22; State v. Hein, 50 Mo. 362; State v.

Pingree, 57 Mo. 243; 3 Wharton's Crim. Law, secs. 2520, 2521.

The indictment in the case at bar nowhere charges that the imputed misbehavior of the officer to have been corrupt, or to have been done from a wrong motive or criminal intent. For this reason it is fatally defective and insufficient to support the judgment. The evidence on the part of the state most conclusively shows that the defendant made a mistake, committed an error, through pure ignorance, that before any injury was done he discovered his error by consulting counsel, and at once confessed his error, reversed his ruling, and did all in his power to correct the mistake he had made. His conviction under this evidence can not be accounted for, except upon the theory that the jury were mislead by the contradictory and inconsistent instructions given by the court and by its definition of legal malice. By an instruction the court told the jury that malice, within the meaning of the law, included not only anger, hatred and revenge, but every other unlawful and unjustifiable motive. Under this definition the jury were authorized to find malice, if they believe from the evidence, that the defendant was in a bad humor when he made the ruling against Hardy, or that he disliked Hardy. The record discloses the fact that the defendant was put upon his trial without being first arraigned, and his plea to the indictment being noted. This error necessarily calls for a reversal of the judgment, and we would have stopped here and reversed the judgment and remanded the cause, but for the fact that the defendant has been twice convicted upon this insufficient indictment, and upon evidence furnished by the state, which proved the innocence of the defendant beyond a reasonable doubt, and for the further fact that we have been appealed to and urged to review the whole record in

the case.   This we have done in the interest of justice and our conclusion is that the indictment fails to charge and the evidence fails to prove that the defendant is guilty of the infamous offense of which he was wrongfully convicted.   Wherefore the judgment is reversed and the defendant discharged.   All concur.   Judge BIGGS in the result.