M. J. Preston, Plaintiff in Error, vs. The State of Florida, Defendant in Error.

Criminal Law—Trespass on Land—Consent of Owner—Time for Requesting Charges.

1. The trespass inhibited by Section 2516, Revised Statutes, must be wilfully committed to be criminally punishable, and this essential *wilfulness*, in the sense in which the word is used in the statute, can not exist when the acts comprising the alleged trespass are committed by and with the consent, or under the authority, of the owner of the land alleged to have been trespassed upon.

2. It is the right of either party to a cause to request instructions on the law of the case at any time up to the retirement of the jury to consider their verdict, and even after the jury have retired, in cases where they, before verdict, come into court for new instructions, if the new instructions then given suggest other proper instructions necessary to give the whole law of the case clearly and fully; and when so requested it will be error for the judge to refuse to give them merely on the ground that the request for them came too late, if they propound correct propositions of law, applicable to the facts, and have not already been substantially given.

Writ of error to the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*M. C. Jordan*, for Plaintiff in Error.

*The Attorney General*, for Defendant in Error.

Taylor, C. J.:

The plaintiff in error and one Ed. Sellers were jointly tried at the March term, 1899, of the Criminal Court of Record for Duval county upon an information charging them jointly with wilful trespass upon the land of another. The trial resulted in the acquittal of Sellers and the conviction of the plaintiff in error, and from the

sentence imposed he brings his case here by writ of error.

At the trial the defendant's counsel requested the judge to give the following instruction to the jury: "If you believe from the evidence that defendant was ever agent for Sophia Simmons, and said agency had not been terminated, or that Sophia Simmons after being informed that Preston was having the sand removed from said premises, and that she concurred in the removal, or that she afterward told parties that whatever Preston did would satisfy her, then he acted as her agent and you should acquit him." But the judge refused to give said instruction, and this refusal is assigned and urged as error.

The trespass, under the statute upon which this information is based, Section 2516, Revised Statutes, must be "*wilfully*" committed, in order to be criminally punishable, and this essential "wilfulness," in the sense in which the word is used in the statute, can not exist when the acts comprising the alleged trespass are committed by and with the consent, or under the authority, of the owner of the land alleged to have been trespassed upon. State v. Preston, 34 Wis. 675; State v. Gardner, 2 Mo. 22; Commonwealth v. Kneeland, 20 Pick. 206, text 220; State v. Clark, 29 N. J. L. 96; Boykin v. State, 40 Fla. 484, 24 South. Rep. 141. But while this idea is confusedly held out in the refused instruction, it is so coupled with another erroneous proposition as to render the charge as framed improper. The erroneous proposition of the charge is as follows: "If you believe from the evidence that defendant was ever agent for Sophia Simmons, and said agency had not been terminated, or," &c. It will be observed that the *agency* behind which the defendant seeks to shield himself in this request is not confined to the subject-matter of the

alleged trespass, but, according to the proposed in-
struction, if he was her agent merely for collecting
debts, or to keep store, or for any other purpose foreign
to the subject-matter of the trial, it asks for an acquit-
tal.   This vitiated the charge.   If, *in the removal of the
sand*, that was the alleged trespass, he acted under the
authority of the owner of the land from which it was
taken, as the agent of such owner, then, as before seen,
he could not be convicted; but if he was agent for the
owner for some other purpose, and the removal of the
sand did not fall within the scope of such agency, then
in its removal he might be a trespasser.   There was
proof that some time prior to the alleged trespass the
defendant acted as rent collecting agent for the prose-
cutrix but that such agency had ceased.   The defend-
ant claimed that he was agent for the prosecutrix for
the removal of this sand, but the prosecutrix denied
this, and for these reasons there was no error in the re-
fusal of the requested instruction.

In the bill of exceptions it is recited that the judge
notified counsel on both sides before the testimony
closed that if they had charges they desired the judge
to give, they must hand them in or request them prior
to the closing of the testimony, and that the above re-
fused instruction was requested after the close of the
testimony, after the argument of the case, and after the
court had given its charge to the jury, and it would
seem from this recital that the requested instruction
was refused upon the supposed ground of the tardiness
of the request therefor.   The authorities are in conflict
as to whether trial judges have the power thus to limit
the time within which they will entertain requests for
instructions, but we are of the opinion that the greater
weight of reason is with those cases that hold that it is
the right of either party to request instructions on the

law of the case at any time up to the retirement of the jury to consider of their verdict, and even after the jury have retired, in cases where they, before verdict, come into court for new instructions from the court, if the new instructions then given suggest other proper instructions necessary to give the whole law of the case clearly and fully to the jury; and that, when so requested, it will be error for the judge to refuse to give them merely on the ground that the request for them came too late, if they propound correct propositions of law, and have not already been substantially given. 2 Thompson on Trials, §§2359, 2361, 2362, and authorities there cited; Dixon v. State, 13 Fla. 636.

The refusal of the defendant's motion for a new trial is assigned as error, upon the ground that the verdict is contrary to the evidence. This assignment is well taken. The information upon which the defendant was tried alleges that the trespass was upon "lot number thirteen (13) in block number two (2) in A. B. Campbell's Addition to LaVilla in the city of Jacksonville." The proofs do not make out this charge. Various witnesses testify that the lot from which the sand was removed was on Campbell's Hill, and others put the lot at the intersection of differently named streets in Jacksonville; but nowhere is it shown in the proofs that the particularly described lot named in the information has ever been trespassed upon by the defendant or any one else. This was fatal to the conviction, and a new trial should have been granted.

The judgment of the court below is reversed and a new trial ordered.