**In the Matter of the Honorable Harold F. FULLWOOD, Judge, Respondent.**

**No. 58640.**

Supreme Court of Missouri,
En Banc.

Jan. 7, 1975.

Rehearing Denied Feb. 10, 1975.

David O. Danis, St. Louis, for Commission on Retirement, Removal and Discipline.

David M. Grant, James A. Bell, Allen I. Harris, St. Louis, for defendant.

PER CURIAM.

This is a disciplinary proceeding against respondent in which the Commission on Retirement, Removal and Discipline [1] recommends that he be suspended from the office of Judge of the City Court, St. Louis, for 90 days without compensation. Respondent objects to the findings and recommendation of the Commission as authorized by Rule 12.09, V.A.M.R.

A formal hearing was conducted under Rule 12.08 into respondent's direction of his court, and the Commission made detailed findings of fact which indicate that respondent's courtroom behavior violated

1. The Commission exists by virtue of Art. 5, § 27, of the Missouri Constitution of 1945, V.A.M.S., and proceeds in compliance with Missouri Supreme Court Rule 12.

the Canons of Judicial Ethics in numerous respects.[2] Nothing could be gained by developing the specific instances of improper conduct reflected in the record, but each indicates an unusual course of conduct best described as rude, arbitrary and dictatorial.

■ First, respondent contends that the Commission and this court, by derivation, do not have jurisdiction to inquire into allegations of his misconduct nor to declare any punishment therefor. His basic contention is that Art. V, § 27, does not grant to the Commission jurisdiction over a "city court judge," which is the appellation given to the occupant of his office. Respondent cites the code and charter of the City of St. Louis where the terms "city court" and "city court judge" are used; and then points out that Art. V, § 1, declares that the "judicial power of the state" is vested in various courts, including "municipal corporation courts." It is then observed that a "city court" is not specifically designated in Art. V, § 1, as a court "of the state" and, therefore, the Commission has no supervisory power over him. From this assumed premise, it is argued that since respondent's court is not a court "of the state," he is not a "judge" within Art. V, § 27, because Rule 12(12.27), adopted to implement the latter section, defines "judge" as "a judge of any court of this state." As another argument to sustain his position, respondent points to Art. V, § 25, where the minimum qualifications for supreme court, court of appeals, circuit, probate and magistrate judges are set out, and then suggests that the conspicuous absence of coverage of municipal or city court judges is evidence that such judges do not come under Article V (even though Art. V, § 1, does list "municipal corporation courts").

In response thereto, the Commission submits that there are several obvious fallacies in respondent's arguments, which, if ignored, would permit a city to set up any kind of court system it desired and escape state constitutional regulation of that system simply by the choice of the right label for its courts. First, that Art. V, § 1, which declares that the "judicial power of the state" shall be vested in the courts therein named does specifically include "municipal corporation courts." Thus, all municipal (or city) courts not only derive their constitutional power from Article V, but are regulated thereby, and that the terminology used to identify a particular municipal court is of no significance. Second, that the absence of municipal courts from those listed in Art. V, § 25 (wherein it is mandated, among other qualifications, that the judges therein covered "shall be licensed to practice law in this state"), is only recognition of the fact that some municipalities by necessity may have to use non-lawyers as judges.

We are convinced that the position of respondent is untenable under the relevant provisions of the constitution of this state, and we quote portions thereof which dictate such a conclusion.

Art. V, § 1, in part, declares that: ". . . the judicial power of the state shall be vested in . . . *municipal corporation courts*." (Emphasis added.)

Art. V, § 27, which creates the Commission, dictates that: "The commission shall receive and investigate . . . all complaints concerning misconduct of *judges* . . . ." and, in sub-paragraph 3 thereof, provides that: "Upon recommendation by an affirmative vote of at least four members of the commission, the supreme court en banc, upon concurring with such recom-

2. Such canons included those promulgated in Rules 2.04 (judge's official conduct should be beyond reproach), 2.05 (judge should be temperate, patient and impartial), 2.09 (judge should be considerate of witnesses and others in attendance), 2.10 (judge should be courteous), 2.15 (judge should avoid interference with course of trial), 2.21 (judge should avoid conduct which appears to be sensational or tends to humiliate others in the courtroom), 2.34 (summary of judicial obligation) and 2.36 (conduct of proceedings should reflect the gravity of the inquiry.)

mendation, shall remove, suspend, or discipline *any judge* . . . of *any court* . . . ." (Emphasis added.)

Although this case, in the context presented, creates a question of first impression, the basic issue has heretofore been resolved by this court consistent with the conclusion herein reached. For example: Art. V, § 5, in part, provides that: "The supreme court may establish rules of practice and procedure for *all courts*." (Emphasis added.) Pursuant to such constitutional authorization, this court ' has adopted Rule 37 which provides (37.01): "These Rules govern the practice and procedure of all cases in *all municipal courts*." (Emphasis added.) Thereafter, in (37.05), the following definitions appear: " '*Municipal Court*' shall include any *city court*, police court or other court which hears and determines cases charging violation of municipal ordinances." (Emphasis added.) Such provisions are applicable to the City of St. Louis in view of the definition of "Municipality" which includes "all charter, first, second, third and fourth class cities, and towns and villages." As another example: This court, again, reached the same conclusion while adopting Rule 12 to implement the activities of the Commission, as authorized by the constitution (Art. V, § 27), when it defined "judge" as "a judge or commissioner of *any court* of this state." (Emphasis added.)

It is accepted, generally, that California's constitutional provision for a judicial disciplinary commission is the progenitor of the Missouri scheme, and those interested may find a comparable result in In Re Antonio E. Chavez, Judge of the Municipal Court on Censure, 109 Cal.Rptr. 79, 512 P.2d 303, or Geiler, a Judge of the Municipal Court v. Commission on Judicial Qualifications, 110 Cal.Rptr. 201, 515 P.2d 1.

■ Second, respondent submits that the findings of the Commission are not supported by the evidence. This contention necessarily is bottomed on respondent's explanation for or denial of the specific acts complained of, and it was for the Commission to resolve the conflicting testimony. We defer to its findings and find sufficient evidence to sustain the same.

■ Third, and lastly, respondent challenges the authority of the Commission to act because it " . . . is unlawfully constructed in that it excludes black people." No effort is thereafter made to establish when, why or how any person has been excluded from consideration as a member of the Commission, and in view of the fact, the complaining witnesses were both white and black, we have the view the point is something of an afterthought. In any event, the point is ruled against respondent.

■ Next, we consider the recommendation of the Commission that respondent be suspended without compensation for 90 days. In this connection, we do note that the conduct complained of took place in a court which, unfortunately, is the only one most persons encounter or have a chance to observe. As said by respondent in his brief: "The average citizen on the street, rarely is involved in litigation or other legal matters except for an occasional traffic ticket, and for this reason the Municipal Courts are probably the most important Courts in the land." Appreciation of this fact has been reflected in the continuing efforts of all persons interested in the judicial process to improve the municipal court system. Attaining such an objective depends in large measure upon the legislative department of the governmental unit concerned appropriating sufficient funds to provide the required number of judges, as well as proper facilities, for the disposition of the multitude of cases involved in a judicious manner. Respondent is called on to dispose of hundreds of cases each day, and it is not difficult to understand the strain placed on him in attempting to do so. Hopefully, sufficient appropriations will be forthcoming to lighten the task. Nevertheless, continued violations of the Canons of Judicial Ethics (Rule 2) can not

be condoned as an acceptable solution to the problem.

Respondent is herewith suspended from the office of Judge of the City Court of the City of St. Louis for a period of 90 days without compensation, and the clerk of this court is directed to furnish and deliver certified copies of this opinion and order as provided in Rule 12.26.

DONNELLY, C. J., and MORGAN, HOLMAN, HENLEY and FINCH, JJ., concur.

BARDGETT, J., dissents in separate dissenting opinion filed.

SEILER, J., dissents and concurs in separate dissenting opinion of BARDGETT, J.

BARDGETT, Judge (dissenting).

I respectfully dissent for the reason that in my opinion Art. V, Sec. 27, Constitution of Missouri 1945, as amended 1970, does not vest the Commission on Retirement, Removal and Discipline with jurisdiction over those persons presiding over municipal courts.

Sec. 27 of Art. V, Constitution of Missouri, as amended in 1970, certainly is a highly desirable and needed provision for the retirement, removal, and discipline of judges, and is much better than the cumbersome impeachment proceedings under Art. VII, Sec. 2, Mo.Const.1945. The question in this case is not whether Sec. 27 *should* include municipal court judges within its purview but rather whether or not it *does* include those judges.

A bare reading of Sec. 27, isolated from the rest of Art. V, facially appears to include all judges of all courts in Missouri within its scope without any exceptions. However, the conclusion that Sec. 27 does include municipal judges within its purview requires that we ignore certain facts concerning municipal court judges in Missouri that we know to be true and consider

Sec. 27 in isolation from the rest of Art. V, the judicial article of our Constitution.

As will be set forth more fully infra, Secs. 24 and 25 of Art. V use language just as facially all-inclusive as Sec. 27, but Secs. 24 and 25 have never been considered by this court or the general assembly to apply to municipal court judges.

I agree that the designation of the municipal court of St. Louis as a "city court" rather than a "municipal corporation court" is of no significance. As such, it is a municipal corporation court as that term is used in Art. V, Sec. 1, Mo.Const.1945, as amended 1970, which designates those tribunals which may exercise judicial power but does not mention nor refer to the person who presides over municipal courts in any respect. Art. V, Sec. 5, Mo.Const. 1945, referred to in the principal opinion, vests the supreme court with power to establish rules of practice and procedure in all courts and I agree that the phrase "all courts" includes municipal courts. However this provision has never been construed or understood to give any power to this court to *discipline* or *punish* any judge of any court and does not relate in any respect to the Commission on Retirement, Removal and Discipline.

The principal opinion relies in part on the definition found in Rule 12.27(a), adopted by the court to implement Art. V, Sec. 27, wherein "judge" was defined as meaning a judge or commissioner of any court of this state as support for the conclusion that Art. V, Sec. 27, includes those persons who preside over all municipal courts. If this is so, then Rule 12.27(b) defining "magistrate" as a judge of a magistrate court is completely redundant for magistrate would be included in the word "judge". I reject the notion that this court adopted the definitions found in Rule 12.-27(a, b) with municipal court judges in mind and suggest that if the court had meant to include municipal court judges it would have made that clear by adopting a subsection (c) to Rule 12.27 and therein

defined municipal court judges as it did magistrates in subsection (b) of Rule 12.27.

The present Sec. 27 of Art. V was taken from a proposal made by the Citizens' Conference on Missouri Courts, which proposal is set forth at 23 J.Mo.Bar 341 (August 1967). That proposal would have completely restructured the court system of Missouri and abolished municipal courts and magistrate courts. A new court—"district court"—would have taken their place. Under·that proposal the judicial system in Missouri would have consisted of district courts, circuit courts, court of appeals, and the supreme court. All judges of all courts would have been required to be lawyers; all would be full-time positions and paid by the state; and all would have been subject to the "nonpartisan court plan". "Justices" was the title given to members of the supreme court.

In this context, the Citizens' Conference proposal with reference to a committee (commission) on retirement, removal and discipline used the terminology that the committee would receive and investigate all requests and suggestions for "retirement for disability, and all complaints concerning misconduct of *justices, judges* and members of judicial commissions or of the committee." (Emphasis added.) Sec. 25A of the proposed Article, 23 J.Mo.Bar 346 (Augst 1967). If the Citizens' Conference proposal had been adopted, the words "justices and judges" would have included the entire judiciary in Missouri.

Subsection B of Sec. 25 of the proposed article referred to retirement for disability and, inter alia, provided that it applied to "any justice or judge of any court . . .." " Subsection C of the same section pertained to removal or discipline and applied to "any justice or judge of any court . . .."

Senate Joint Resolution 16 (SJR 16) introduced in the 75th General Assembly (1969) proposed the repeal of several sections of Art. V, Constitution of Missouri, and the adoption of a number of new sec-

tions, but it did not abolish municipal courts or magistrate courts. The only reference in SJR 16 to municipal courts is found in Sec. 1 wherein it is stated that municipal courts are one of the courts in which the judicial power of the state is vested. The reference to municipal corporation courts was not new in 1970. It was part of Art. VI, Sec. 4, Const. of Mo.1875, and Art. V, Sec. 1, Const. of Mo.1945, and was simply carried forward into Art. V, Sec. 1, by the 1970 amendment proposed by the legislature.

Art. V sets forth the qualifications for *judges* of the supreme court, court of appeals, circuit courts, probate and magistrate courts, as well as specifying their terms of office, manner of selection, jurisdiction of each court, except municipal courts, and numerous other provisions regarding judges and courts. *There are no provisions relating to municipal court judges anywhere in Art. V.*

As introduced, the only place that Sec. 27 of SJR 16 referred to magistrates was in subsection 2 which is solely concerned with disability retirement. Subsection 3 concerning discipline did not refer to magistrates. The Senate Committee Substitute for SJR 16 (SCSSJR 16) added the words "or magistrate" following the word "judge" every place the word "judge" appeared. This amendment to SJR 16 enlarged the scope of Sec. 27 by referring to magistrates so as to include magistrate judges in all of the provisions of Sec. 27 and not to restrict its application as to magistrate judges solely to disability.

If the word "judge" or the phrase "judge of any court" by itself included magistrate judges, there would have been no reason to amend SJR by adding the word magistrate.

In order for the words "judges" or "judge of any court" to be construed to include municipal court judges, one must say that, as originally introduced, all of the provisions of Sec. 27 of SJR 16 applied to judges of the supreme court, court of ap-

peals, circuit courts, and municipal courts, but only subsection 2 relating to *disability* retirement applied to magistrate judges, for it was only in subsection 2 that "magistrate" appears, and that word was significantly absent from all other provisions of Sec. 27 of SJR 16.

The principal opinion concludes that Sec. 27 of Art. V applies to municipal court judges because of the use of the words "judge" and "judge . . . of any court". As stated supra, in order to do so, that opinion must and does ignore the fact that the same or similar facially all-inclusive terminology is used in other provisions of Art. V and has never been construed or considered as applying to municipal court judges. That Art. V has never been considered as applying to municipal court judges is pointed out in an article by T. E. Lauer, Associate Professor of Law, University of Missouri, entitled, *"Prolegomenon to Municipal Court Reform in Missouri"*, 31 Mo.L.Rev. 69 (1966), in connection with Art. V, Secs. 24 and 25, Mo. Const.1945. Amendments to these two sections were also adopted in 1970 at the same election that Sec. 27 was adopted.

Art. V, Sec. 24, provides in part: *"No judge* or magistrate shall receive any other or additional compensation for any public service, or practice law or do law business, [except probate judges during their present term]." (Words in brackets deleted by the 1970 amendment.) "The fees of *all courts, judges* and magistrates shall be paid monthly into the state treasury or to the county paying their salaries, [as provided by law]". (Emphasis added.) (Words in brackets added by the 1970 amendment.)

Art. V, Sec. 25, as amended 1970, provides in part: *"Every judge* and magistrate shall be licensed to practice law in this state, except that probate and magistrate judges now in office may succeed themselves without being so licensed." (Emphasis added.)

Even though the language of Secs. 24 and 25 is practically identical to and just as facially all-inclusive as the language in Sec. 27, the fact of the matter is that municipal judges are not considered as being within the purview of Secs. 24 and 25. They are not, perforce the constitution, required to be lawyers. They can and do, if they are lawyers, practice law. They do not remit fees to the state or county treasury. "[A]ll courts" as used in Sec. 24 does not apply to municipal courts.

The general assembly knew that Secs. 24 and 25 of Art. V, Mo.Const.1945, did not apply to municipal courts and judges thereof when it adopted SCSSJR 16 for submission to the people. This is obvious because the 75th general assembly that approved for submission to the people the Art. V amendments also enacted Secs. 80.260, 80.-270, 98.500 and 98.510, RSMo 1969, V.A. M.S. Secs. 80.260 and 98.500 require municipal judges in cities of the fourth class and incorporated towns and villages located in a county of the first class with a charter form of government to be lawyers. At that time the only county in the state that qualified was St. Louis County. Secs. 80.260, 80.270, 98.500 and 98.510 allow the mayor of cities of the fourth class and require the chairman of the board of trustees of incorporated towns outside counties of the first class with charter forms of government to serve as judge of the municipal court even though they are not lawyers.

There are about 882 incorporated cities, towns, and villages listed in the Official Manual of Missouri 1973–1974, p. 1225, of which 712 are outside of counties of the first class with a charter form of government (now St. Louis County and Jackson County), and therefore are not required to have a lawyer for a municipal judge. In these cities, towns and villages, the mayor or the chairman of the board of trustees, as the case may be, is authorized by statute to serve as municipal judge.[1]

---

1. In a published report entitled, "A Survey of Missouri's Municipal Courts", conducted by

The Missouri Municipal and Magistrate Judges Association in cooperation with The

And even in fourth-class cities and towns or villages located within a county of the first class with a charter form of government a lawyer who is appointed as municipal judge can also serve as municipal judge of other fourth-class cities and towns or villages and be paid by both municipalities for such service under Secs. 80.260 and 98.500 and practice law even though a literal reading of Art. V, Sec. 24, prohibits any "judge" from so doing.

Although subsection 2 of Art. V, Sec. 27, relating to the commission's power with respect to retirement of judges for disability is not the subject of this case, it is noted that the commission can cause "any judge or magistrate . . ." to be retired for disability. "A judge or magistrate so retired shall receive one-half of his regular compensation during the remainder of his term of office." A fortiori—Does the commission on retirement, removal and discipline have the power to cause the retirement for disability of municipal court judges in this state and require the city, town or village to pay the retired judge one-half his pay for the remainder of his term? The provisions of subsection 2 of Art. V, Sec. 27, are mentioned because the reference to judges in that subsection is just as facially all-inclusive there as it is in subsection 3 of Sec. 27 of Art. V, and there is nothing to indicate nor do I believe it was intended that the commission could require a city, town or village to pay the municipal judge one-half his pay for the remainder of his term.

The foregoing is set forth in order to show that the word "judge" as used in Art. V has never meant the person who presides over municipal courts.

In Rathjen v. Reorganized School District R–II, 365 Mo. 518, 284 S.W.2d 516 (banc 1955), this court said: "One of the rules for interpreting the meaning of words in a constitution is that: 'In the absence of a contrary intention the same meaning attaches, or is presumed to attach, to a given word or phrase repeated in a constitution, wherever it occurs therein.' 16 C.J.S., Constitutional Law, § 19b, p. 60.'"

There is simply nothing in Sec. 27(3) of Art. V to indicate an intent to ascribe to the word "judge" any different meaning that what "judge" means in all other sections of Art. V. Therefore, under Rathjen v. Reorganized School District R–II, *supra,* the word "judge" in subsection 3 of Sec. 27 should be afforded the same meaning as the word "judge" has in the other sections of Art. V of our constitution which does not encompass municipal court judges.

The two California cases cited in the principal opinion do not, in my opinion, support a conclusion that, under the Mis-

Missouri Bar, Missouri Division of Highway Safety, and the University of Missouri Extension Division, during 1970–1971, the following appears at the beginning of Chapter II, "THE JUDGE", p. 18:

"What is a judge? Almost any intelligent response to this question would have to include the qualification that a judge be someone 'learned in the law'. However, this survey of Missouri's municipal and police courts indicates that while knowledge of the law might be considered to be a prime requisite for a judge, in actual practice in Missouri the municipal judge who is 'learned in the law' is an exception rather than the rule.

"Of the 330 municipal or police judges who responded to the survey, only 69 were lawyers. The occupations of the other 261 ranged the gamut through 113 different occupations; from cook to college professor; from barber to banker; from meat cutter to minister; and from plumber to physician. Included were occupations presenting such obvious conflicts of interest with the judicial position as policeman, chief deputy constable, and security patrolman.

"Those who are surprised to learn that Missouri's municipal judges are not all 'learned in the law', may be even more interested to learn what the general educational level of the judges is. Of the 330 judges replying to the survey questionnaire, only 90% said they had completed grade school; 66% said they had completed high school; and while 40% said they attended at least one year of college, only 27% had completed four years or more of college work. This 27% included the lawyer-judges which accounts for 21% of the total number, leaving only 6% of the 261 nonlawyer judges having a college education."

souri constitution, the commission has jurisdiction of complaints against municipal court judges. No question of jurisdiction of the California commission was involved in those cases. Art. 6, Sec. 8, Calif.Const., creates a commission on judicial qualification and requires that one of the members of that commission be a *municipal court judge*. That is not the case in Missouri. The clear import of Art. 6, Sec. 8, *supra,* is that municipal court judges are subject to the jurisdiction of the California disciplinary commission.

I do not think it is judicially sound to ascribe one meaning to the word "judge" in all sections of Art. V except Sec. 27(3) and a different meaning to the same word in Sec. 27(3) without any indication that such a different meaning was intended by the legislature which proposed the amendment.

The respondent was appointed by the mayor of St. Louis pursuant to Art. VIII, Sec. 1, of the City Charter and is subject to removal under Art. VII, Sec. 1, of the Charter. In addition to the City Charter provision, Secs. 558.110 and 558.130, RSMo 1969, V.A.M.S., afford another method of removing a municipal judge from office, cumbersome though it may be. See State v. Grassle, 74 Mo.App. 313 (1898).

If the general assembly believes that additional or different provisions should be made for the removal or discipline of municipal court judges, it has the authority to so provide by law. Art. VII, Sec. 4, Mo. Const.1945.

It may be that the general assembly would want to adopt provisions similar to Art. V, Sec. 27, or provide for a method more local in character and similar to that appearing in Art. XIII, Sec. 396, of the Kansas City Charter, or some other procedure with reference to removal and discipline of municipal court judges. One would expect that whatever procedure is adopted would take into account the fact that there are over 800 incorporated cities,

towns and villages in this state and that the commission under Art. V, Sec. 27, consists of only six persons who work without compensation and virtually without staff.

For the foregoing reasons I believe the commission was without constitutional jurisdiction in this case.

Assuming jurisdiction in the commission, I agree with the recommendation of the commission and concur in the discipline assessed in the principal opinion.